In re McCLELLAN et al.

(Supreme Court, Appellate Division, First Department.　July 10, 1913.)

EMINENT DOMAIN (§ 150*)—PUBLIC IMPROVEMENTS—ASSESSMENT OF DAMAGES—
AMOUNT OF DAMAGES.

　　In a proceeding to assess an abutting owner's damages from the con-
struction of an elevated structure in a street, an award of approximately
two-thirds of the amount of damage shown by the testimony most favora-
ble to the city was too small.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 402;
Dec. Dig. § 150.*]

Appeal from Special Term, New York County.

Application by George B. McClellan and others, constituting the
Board of Rapid Transit Railroad Commissioners, for the appoint-
ment of commissioners of appraisal, etc.　From an order overruling
the objection of John Wynne to an award of damages in his favor
by such commissioners of appraisal, he appeals.　Reversed, and pro-
ceedings remitted to the commissioners to make a new award.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT,
DOWLING, and HOTCHKISS, JJ.

Benjamin Trapnell, of New York City, for appellant.
Charles J. Nehrbas, of New York City, for respondent.

PER CURIAM.　The premises in question are located on the south-
erly side of Westchester avenue, and the award was $12,500 for fee
damage and $2,250 for rental damage.　The structure at the point in
question is of the usual elevated type.　Each of the lots has a frontage
of 27 feet by an average depth of about 125 feet.　The buildings are
three five-story apartment houses.

Two experts only were called to testify to value.　The appellant's
expert testified to a depreciation in fee value of $32,500, and to a cor-
respondingly large rental damage.　The city's expert testified that the
fee damage was $18,625.11.　The fee value he placed upon the three lots
of land made the second worth less than $500 more than the first, and
the third $490 more than the second, or a difference of less than $1,000
between the first and third.　The value of each of the three houses
was practically the same.　In other words, the testimony of the city's
witness shows unquestionably that he regarded the three houses and
lots as practically of equal value, and he did not attempt to assign to
one any greater or less damage than to the other.　Nor did their situ-
ation warrant any such difference.　Taking the fee depreciation testi-
fied to by the city's expert, $18,625.11, and dividing it by three, shows
that the award of the commissioners was practically two-thirds of the
amount the expert for the city testified was the fee damage suffered
by the three houses.　The appellant argues, and we think properly,
that this fairly gives rise to a presumption of clerical error, or that by
some mistake the commissioners gave the appellant only two-thirds of
what he was clearly entitled to, based upon the city's testimony.　But,
whether there was any such clerical mistake or not, we think, unless

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the testimony most favorable to the city is to be wholly disregarded, that the commissioners manifestly awarded appellant too small a sum for fee damage. The same expert for the city testified that the rental damage was $51 per month per house, or $153 for the three houses, equaling $1,836 per year; also, that he adopted the ratio of .981 per cent. of rental value to fee value. Applying that to his testimony on fee damage confirms the conclusion that the fee damage was the same as to all three houses.

The order, so far as appealed from, is reversed, with $10 costs and disbursements, and the proceedings remitted to the commissioners to make a new award in accordance with this opinion.